UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PFENEX INC., JASON GRENFELL-GARDNER, MAGDA MARQUET, JOHN TAYLOR, ROBIN D. CAMPBELL, LORIANNE MASUOKA, PHILLIP M. SCHNEIDER, EEF SCHIMMELPENNINK, LIGAND PHARMACEUTICALS INCORPORATED, and PELICAN ACQUISITION SUB, INC.,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on August 10, 2020 (the "Proposed Transaction"), pursuant to which Pfenex Inc. ("Pfenex" or the "Company") will be acquired by Ligand Pharmaceuticals Incorporated ("Parent") and Pelican Acquisition Sub, Inc. ("Merger Sub," and together with Parent, "Ligand").

2. On August 10, 2020, Pfenex's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Ligand. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of Pfenex's outstanding common

stock for $12.00 in cash and one contingent value right ("CVR") equal to $2.00 per share.  The Tender Offer is set to expire on September 29, 2020.

3.     On August 31, 2020, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Pfenex common stock.

9. Defendant Pfenex is a Delaware corporation and maintains its principal executive offices at 10790 Roselle Street, San Diego, California 92121. Pfenex's common stock is traded on the New York Stock Exchange American under the ticker symbol "PFNX."

10. Defendant Jason Grenfell-Gardner is Chairman of the Board of the Company.

11. Defendant Magda Marquet is a director of the Company.

12. Defendant John Taylor is a director of the Company.

13. Defendant Robin D. Campbell is a director of the Company.

14. Defendant Lorianne Masuoka is a director of the Company.

15. Defendant Phillip M. Schneider is a director of the Company.

16. Defendant Eef Schimmelpennink is Chief Executive Officer, President, Secretary, and a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Pfenex (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of August 5, 2020, there were approximately 34,296,593 shares of Pfenex common stock outstanding,

3

held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27.     Pfenex is a development and licensing biotechnology company with commercial products focused on leveraging its proprietary protein production platform, Pfenex Expression Technology®, to develop next-generation and novel protein therapeutics to improve existing therapies and create novel therapies for biological targets linked to critical, unmet diseases.

4

28. The Company uses *P. fluorescens* bacterium, which are especially well-suited for complex, large-scale protein production that cannot be made by more traditional host systems.

29. The Company's lead product is Teriparatide Injection (previously referred to as PF708 and Bonsity™), a therapeutic equivalent candidate to Forteo® (Teriparatide Injection) exclusively licensed to Alvogen.

30. Teriparatide Injection has been commercialized in the United States for, among other uses, the treatment of osteoporosis in certain patients at high risk for fracture, and marketing authorization applications are pending in other jurisdictions.

31. Licensee Jazz Pharmaceuticals is utilizing the Pfenex Expression Technology to develop hematologic oncology products including PF743, a recombinant Erwinia asparaginase, and PF745, a half-life extended recombinant Erwinia asparaginase.

32. Moreover, Serum Institute of India and Merck & Co., Inc. are using the Pfenex Expression Technology platform to produce CRM197, a diphtheria toxoid carrier protein for use in prophylactic and therapeutic vaccines.

33. On August 10, 2020, Pfenex's Board caused the Company to enter into the Merger Agreement with Ligand.

34. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Pfenex's outstanding common stock for $12.00 in cash and one CVR per share.

35. According to the press release announcing the Proposed Transaction:

Ligand Pharmaceuticals Incorporated (NASDAQ: LGND) and Pfenex Inc. (NYSE American: PFNX) today announced the signing of a definitive agreement for Ligand to acquire all outstanding shares of Pfenex for $12.00 per share in cash or $438 million in equity value on a fully diluted basis. In addition, Ligand will pay $2.00 per share or $78 million as a Contingent Value Right (CVR) in the event a predefined regulatory milestone is achieved by December 31, 2021, for a total

transaction value of up to $516 million. The closing of this transaction is subject to customary conditions and is expected to occur in the fourth quarter. . . .

Transaction Terms

Under the terms of the merger agreement, Ligand will commence a tender offer to acquire all of the outstanding shares of Pfenex common stock for $12.00 per share, or $438 million upfront in cash. This represents a 57% premium to the closing price of Pfenex's stock on August 10, 2020. Ligand will also pay holders of Pfenex common stock a price of $2.00 per share, or $78 million, as a Contingent Value Right in the event a predefined regulatory milestone is achieved by December 31, 2021.   The tender offer is subject to customary conditions, including the tender of a majority of the outstanding shares of Pfenex common stock, and the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. The transaction is expected to close in the fourth quarter of 2020 and be funded by Ligand with cash on hand.

William Blair & Company, L.L.C. served as Pfenex's exclusive financial advisor. Wilson Sonsini Goodrich & Rosati served as Pfenex's legal counsel. Barclays Capital Inc. served as Ligand's exclusive financial advisor. Latham & Watkins LLP served as Ligand's legal counsel.

### *The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

36.     Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

37.     As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

38.     First, the Solicitation Statement omits material information regarding the Company's financial projections.

39.     The Solicitation Statement fails to disclose the Company's projected free cash flows and all underlying line items.

40.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion.

41. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, William Blair & Company, L.L.C. ("WB").

42. With respect to WB's Selected Publicly Traded Companies Analysis, the Solicitation Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

43. With respect to WB's Selected Precedent Transactions Analysis, the Solicitation Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

44. With respect to WB's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the projected after-tax unlevered free cash flows used in the analysis and all underlying line items; (ii) WB's basis for utilizing a perpetuity growth rate of (80.0%); (iii) the individual inputs and assumptions underlying the discount rates ranging from 11.5% to 13.5%; (iv) the value of the potential tax savings expected to result from the utilization of the Company's federal net operating losses; (v) the terminal values of the Company; (vi) the Company's net cash; and (vii) the Company's total diluted shares outstanding.

45. With respect to WB's M&A Premiums Paid Analysis, the Solicitation Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

46. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47. Third, the Solicitation Statement fails to disclose the timing and nature of the past services WB provided to the Company and its affiliates (in addition to its role in the Company's initial public offering in 2014), as well as the amount of compensation WB received for providing such services.

48. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

49. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

50. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

53. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

54. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

55. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

56. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

57. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

58. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

59. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

60. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

61. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance

9

with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

64. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

65. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

66. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

67. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

68. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Ligand)

69. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

70. The Individual Defendants and Ligand acted as controlling persons of Pfenex within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Pfenex and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

71. Each of the Individual Defendants and Ligand was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

72. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

73. Ligand also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

74. By virtue of the foregoing, the Individual Defendants and Ligand violated Section 20(a) of the 1934 Act.

75. As set forth above, the Individual Defendants and Ligand had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

76. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

77. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 4, 2020

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com